SOUTH SHORE LUMBER CO. v. C. C. THOMPSON LUMBER CO.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1899.)

No. 559.

BOUNDARIES—RIPARIAN OWNERS ON COVE OR BAY—FRONTAGE ON LINE OF NAVIGABLE WATER.

    Under the rule that the frontage of a riparian owner on the line of navigable water within a small bay or cove shall bear the same ratio to his shore frontage as the entire length of the line of navigable water within the cove bears to its shore line, a court cannot declare the boundary between two adjoining owners on the line of navigable water as a matter of law, where the evidence as to the limits of the cove is conflicting; and in such case there is sufficient uncertainty, so that the boundary may be fixed by the agreement or acquiescence of the parties.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

W. M. Tompkins, for plaintiff in error.

C. A. Lamoreux and H. H. Hayden, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

WOODS, Circuit Judge. The plaintiff in error is the plaintiff in the action. The complaint shows that the parties own severally adjacent lands, on which they operate sawmills, the land of each fronting upon Chequamegon Bay, and that for use in connection with its land and mill each has erected docks and piers extending to the line of navigable water. It is charged "that the defendant's docks and structures encroach on the water frontage of the plaintiff," and the question for determination at the trial was of the proper location of the common boundary from the water's edge to the line of navigability. The trial was by jury, and, on the verdict rendered, judgment was given for the defendant.

Error is assigned upon the refusal of each of the following requests for special instructions:

"(1) The cove or bay in which the properties of the parties are situated is the one bounded by the lines A-B and C-D on the map marked 'Plaintiff's Ex. X.' (2) The evidence shows that the riparian boundary line between the properties passes over the docks of the defendant at points on line F-Q in plaintiff's Ex. X. (3) The plaintiff is entitled to a verdict in its favor, the only question for the jury being what amount of damages plaintiff shall recover. (4) There is no such uncertainty as to the boundary line between the dock properties as to raise a question which can be settled by agreement or acquiescence."

The first and second requests, it is evident, were in effect the same as the third. It is agreed that the rule for fixing boundary lines in a small bay or cove, as declared in Inhabitants of Deerfield v. Arms, 17 Pick. 41, and approved in Jones v. Johnston, 18 How. 150, Johnston v. Jones, 1 Black, 209, and Land Co. v. Bigelow, 84 Wis. 157, 54 N. W. 496, is:

"First, determine the outside boundaries of the cove or headlands. Run out lines from these headlands at equal angles to the shore to the line of navigable waters. Between these headlands draw a line upon the general course of the navigable waters. Then apportion this line of navigable water to the shore

line in the same proportion that the navigable water line bears to the shore line."

The evidence touching the limits of the cove in question is not undisputed, and the court could not rightfully have withdrawn the question from the jury. It follows, necessarily, that the true location of the disputed line was a proper subject of negotiation and agreement between the parties or their grantors, and the court did not err in refusing the fourth request. The judgment below is affirmed.

GROSSCUP, Circuit Judge, by reason of sickness, did not share in the final consideration of this case.